UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MICHAEL PAPAZIAN,<br><br>    Plaintiff,<br><br>    v.<br><br>J. DOERER,<br><br>    Defendant. | Case No. 1:24-cv-01182-HBK (PC)<br><br>ORDER TO ASSIGN TO DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR CLASS CERTIFICATION[1]<br><br>(Doc. No. 12)<br><br>14-DAY OBJECTION DEADLINE |

      Plaintiff, a federal prisoner incarcerated at United States Penitentiary, Atwater, proceeds pro se in this civil action. Pending before the Court is Plaintiff's motion for class certification filed on February 28, 2025. (Doc. No. 12, "Motion"). The undersigned recommends the district court deny the Motion.

      Plaintiff proceeds on his pro se amended civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*[2] and the Federal Torts Claim Act ("FTCA"). (Doc. No. 4, "amended complaint"). Plaintiff complains that during a 60-day lockdown he was deprived of meals, clothing, personal property, shower, recreation time, medical

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2023).
[2] 403 U.S. 388 (1971).

1  treatment, social contact, commissary, care packages, radio, reading material, table, television.,
2  legal property, and other necessities.  (*See generally* Doc. No. 4).  In his Motion, which consists
3  of a single page, Plaintiff asserts "there are at least 27 Plaintiffs that filed substantially the same
4  claims in this Court and the class extends to approximately one thousand people." (Doc. No. 12
5  at 1).

6  Federal Rule of Civil Procedure 23(a) governors whether a case can proceed as a class
7  action.  The prerequisites to maintenance of a class action are that (1) the class is so numerous
8  that joinder of all members is impracticable, (2) there are common questions of law and fact, (3)
9  the representative party's claims or defenses are typical of the class claims or defenses, and (4)
10 the representative party will fairly and adequately protect the class interests.  Fed. R. Civ. P.
11 23(a).

12 Plaintiff is a non-lawyer proceeding without counsel.  It is well established that a
13 layperson cannot ordinarily represent the interests of a class.  *See McShane v. United States*, 366
14 F.2d 286 (9th Cir. 1966); *C.E. Pope Equity Trust v. United States,* 818 F.2d 696, 697 (9th
15 Cir.1987); *see also Russell v. United States,* 308 F.2d 78, 79 (9th Cir. 1962) (holding "a litigant
16 appearing in propria persona has no authority to represent anyone other than himself").   Indeed,
17 "[i]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his
18 fellow inmates in a class action." *Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (*per
19 curiam*) (quoting *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)).  Therefore,
20 Plaintiff's Motion for class certification must be denied.

21 Accordingly, it is hereby ORDERED:
22 The Clerk of Court shall randomly assign this case to a district judge for purposes of these
23 Findings and Recommendation.
24 It is further RECOMMENDED:
25 Plaintiff's motion for class certification (Doc. No. 12) be DENIED.
26 NOTICE TO PARTIES
27 These Findings and Recommendations will be submitted to the United States District
28 Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id*.; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:     March 10, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE