UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MICHAEL PAPAZIAN,<br><br>  Plaintiff,<br><br>  v.<br><br>J. DOERER, et al.,<br><br>  Defendants. | Case No.: 1:24-cv-01182 JLT HBK<br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION TO CREATE A CLASS ACTION<br><br>(Docs. 12, 19) |

James Michael Papazia seeks to hold the United States Government and several employees of the Bureau of Prisons—including, but not limited to, the Warden of USP Atwater, associate wardens, medical staff, mail room staff—liable for violations of his civil rights while incarcerated at USP Atwater.  This action was opened when the Court severed Plaintiff's claims—and the claims of several other individuals— from *Benanti v. Doerer*, Case No. 1:24-cv-01108-CDB (PC) and directed Plaintiff to file his own complaint.  (*See* Doc. 2 at 6-9.)  Plaintiff filed a complaint as ordered.  (Doc. 4.)  He now asserts "[t]here are at least 27 plaintiffs that filed substantially the same claims in this court," and requests the Court "create a class action under FRCP Rule 23."  (Doc. 12 at 1.)

The magistrate judge noted that "Plaintiff is a non-lawyer proceeding without counsel."  (Doc. 19 at 2.)  The magistrate judge observed, "It is well established that a layperson cannot ordinarily represent the interests of a class."  (*Id.*, citing, *e.g.*, *McShane v. United States*, 366 F.2d 286 (9th Cir. 1966); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir.1987).)  In addition, the

1

magistrate judge noted that both the Fourth and Eleventh Circuits determined "it is plain error to permit an imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." (*Id.*, quoting *Wallace v. Smith,* 145 F. App'x 300, 302 (11th Cir. 2005), *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir. 1975).) Therefore, the magistrate judge recommended the Court deny the motion for class certification. (*Id.*)

The Court served the Findings and Recommendations on Plaintiff and notified him that any objections were due within 14 days. (Doc. 19 at 2-3.) The Court advised Plaintiff that the "failure to file objections within the specified time may result in the waiver of certain rights on appeal." (*Id*. at 3, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Plaintiff did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated March 10, 2025 (Doc. 19) are **ADOPTED** in full.
2. Plaintiff's motion to certify a class (Doc. 12) is **DENIED**.

IT IS SO ORDERED.

Dated:   **April 10, 2025**

_____
UNITED STATES DISTRICT JUDGE